**Continuation of Application for Search Warrant**

1.  I, Nicholas R. Williamson, am a Postal Inspector with the U.S. Postal Inspection Service ("USPIS"), having been so employed since January 2012. I am currently assigned to the Detroit Division – Grand Rapids, Michigan, Domicile. Prior to joining the USPIS, I served as a Special Agent with the U.S. Department of Energy ("DOE"), Office of Inspector General ("OIG") for approximately two years and four months, and as a Deputy Sheriff with the Livingston County Sheriff's Office in Howell, Michigan, for approximately four years and ten months. I am a graduate of the Criminal Investigator Training Program ("CITP") conducted at the Federal Law Enforcement Training Center ("FLETC"), in Glynco, Georgia. The training covered various aspects of federal law enforcement, including the investigation of controlled-substance offenses. I have received instruction on conducting, and have participated in, investigations involving the possession with intent to distribute and the distribution of controlled substances. I have participated in multiple interdictions, controlled deliveries, seizures, and search warrants, which have resulted in criminal arrests and prosecutions.

2.  The facts and information contained in this continuation are based on my personal knowledge, my training and experience, and information obtained from other agents and witnesses. I respectfully submit that this continuation contains that information necessary to establish probable cause in support of an application for a search warrant. Specifically, there is probable cause to believe that violations of 21 U.S.C. § 841 (possession with intent to distribute, and distribution of, controlled substances), 21 U.S.C. § 843(b) (use of a communication facility to commit a controlled-substance offense), and 21 U.S.C. § 846 (conspiracy to commit a controlled-substance

offense) have been and are being committed. There is probable cause to believe that evidence of such violations will be found in the parcel described below. This continuation is not intended to include each and every fact and matter observed by or made known to agents of the government.

3. This continuation is being submitted in support of an application for a search warrant on a United States Postal Service ("USPS") Priority Mail Parcel ("**SUBJECT PARCEL**") Label Number 9505 5118 6683 9275 4126 43, addressed to "Maria Felix 6540 Motz St, Paramount, Ca 90723.", with a return address listed as "Irene Saldana 3139 Higgins ave sw, Grandville, MI 49418". Further, the **SUBJECT PARCEL** weighs approximately 2 pounds 12.20 ounces, bears $14.35 in postage and fees, is postmarked "10/02/19" and is in a USPS Medium Flat Rate Box measuring approximately 12" x 3.5" x 14.125".

4. Past experience and drug-trafficking intelligence information gathered by the USPIS have demonstrated that USPS Priority Mail Express, Priority Mail, and Retail Ground are frequently utilized by drug traffickers for shipping controlled substances, proceeds from the sale of controlled substances, namely currency, and personal and financial documents related to such proceeds and controlled substances. Use of USPS Priority Mail Express and Priority Mail are favored because of the speed, reliability, and free telephone and internet package-tracking service associated with these products, and the perception that there is a minimal chance of detection of controlled substances and related evidence being shipped in this manner.

5. In an effort to combat the flow of controlled substances through the USPS, interdiction programs have been established in cities throughout the United States by the

USPIS. These cities have been identified as known sources of controlled substances. The USPIS conducted an analysis of prior packages which were found to contain controlled substances or proceeds from the sale of controlled substances. The analysis of prior packages that were found to contain controlled substances or proceeds from the sale of controlled substances indicated that these labels are usually from an individual to another individual. In the cases when such packages have displayed a business or company name, it has usually proven to be a fictitious business or company. Additionally, this analysis has established a series of characteristics which, when found in combination of two or more, have shown a high probability that the package will contain a controlled substance or the proceeds from the sale of controlled substances. Information collected by the USPIS has demonstrated that the presence of these characteristics is significant for delivery services, including USPS Priority Mail Express, USPS Priority Mail, USPS Retail Ground, Federal Express, and United Parcel Service. This profile includes the following characteristics:

   A.   Weight exceeding eight ounces for Priority Mail Express;
   B.   Package mailed from or addressed to a city identified as a source of controlled substances;
   C.   Package has a fictitious return address;
   D.   Package addressee name is unknown at the destination address;
   E.   Package sender name is unknown at the return address;
   F.   Package has address information which is handwritten;
   G.   Package is mailed from a Commercial Mail Receiving Agency ("CMRA");

    H.      Package is addressed to residential areas;

    I.       Package is addressed from an individual to an individual;

    J.       Package is heavily taped;

    K.      Package is absent a business account number;

    L.       The ZIP Code from where the package is mailed is different than the ZIP Code used in the return address; and/or

    M.     Package was mailed from an Automated Postal Center ("APC"), which would eliminate the personal interaction of the mailer with a USPS clerk.

6. The USPIS Grand Rapids Domicile Multi-Functional Team has found the characteristics listed in paragraph five are indicative of packages that have been found to contain illegal controlled substances or proceeds.

7. From my training, personal experience, and the collective experience related to me by other Postal Inspectors in the Prohibited Mailings Team who specialize in investigations relating to the mailings of controlled substances and the proceeds from the sale of controlled substances, I am aware that Bell, California is located in Southern California which is a source location for controlled substances. As such, controlled substances are frequently transported from the Southern California area via the United States Mail, and the proceeds from the sale of the controlled substances are frequently returned to the Southern California area also via the United States Mail.

8. The **SUBJECT PARCEL** was intercepted on October 4, 2019, and forwarded to Postal Inspectors in Grand Rapids, Michigan, for follow-up. After further review of the **SUBJECT PARCEL**, I determined it displayed several characteristics that indicated that it may contain a quantity of controlled substances or proceeds.

9. On October 7, 2019, the **SUBJECT PARCEL** arrived in Grand Rapids Michigan. A review of the **SUBJECT PARCEL** revealed it met several characteristics described in Paragraph 5, specifically: B - Package mailed to a city identified as a source of controlled substances; E – Package sender name is unknown at return address; F - Package has address information which is handwritten; H - Package is addressed to residential areas.

10. On October 7, 2019, Postal Inspectors in Grand Rapids, Michigan, discovered per available USPIS law enforcement databases and open source searches that the sender's purported name, Irene Saldana did not associate to the listed return address of 3139 Higgins Avenue, SW. Grandville, MI 49418.

11. On October 7, 2019, I met with Trooper J. Bozek at the USPIS office in Grand Rapids. Trooper J. Bozek is a member of the Michigan State Police and assigned to the Michigan State Police Rockford Post. Trooper J. Bozek brought "Yagr," a controlled substance detection K-9, to this office. According to Bozek, "Yagr" is a one and a half-year-old German Shepherd Police Service Dog certified in controlled substance detection. K-9 "Yagr" was trained in controlled substance detection by the Michigan State Police Training Academy in Lansing, Michigan. Trooper J. Bozek and K-9 "Yagr" were trained in controlled substance detection as a team with the Michigan State Police Training Academy in May 2019. K-9 "Yagr" is trained in the odors of cocaine, crack cocaine, heroin, and methamphetamine. Trooper J. Bozek and K-9 "Yagr" certify in controlled substance detection annually with the Michigan State Police Training Academy and were last certified in May 2019. This certification with the Michigan State Police Training Academy is both current and valid. Trooper J. Bozek and K-9 "Yagr" train as a team weekly. Trooper J. Bozek has found K-9 "Yagr" to be reliable.

12. On October 7, 2019, at approximately 3:50 p.m. at the USPIS office in Grand Rapids, I arranged a controlled substance detection test by placing the **SUBJECT PARCEL** with similar parcels in an area of the USPIS office. I observed Trooper J. Bozek and "Yagr" enter the test area. I observed "Yagr" examine the area and alert only on the **SUBJECT PARCEL** by sitting at the parcel. Trooper J. Bozek advised me that this action indicated that controlled substances or proceeds were likely contained in the parcel.

13. I submit that, based upon the above indicators exhibited by the **SUBJECT PARCEL**, my training and experience, and the alert of a trained canine on the **SUBJECT PARCEL**, that there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846, have occurred or are occurring and that evidence thereof will be found in the **SUBJECT PARCEL**, and therefore I request authority to search it.